

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROCKY DEAN, <br><br> Plaintiff, <br><br> vs. <br><br> THE PUBLIC DEFENDER OFFICE, *et al.*, <br><br> Defendants. | Case No. 2:08-cv-0544-RCJ-RJJ <br><br> **ORDER** |

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#5). The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1  In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of the Complaint

Plaintiff lists the following defendants in the caption of the complaint: the Public Defender Office, Maya Sparks, and Dewayne Nobles. However, Plaintiff names Maya Sparks and Dewayne Nobles in the defendants section of the complaint in their individual and official capacities. Plaintiff claims that the defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff alleges that the policies, practices, procedures, and customs of Clark County and the State of Nevada are being used as a means of (1) coercing indigent criminal defendants into pleading guilty, (2) denying indigent criminal defendants a fair hearing/trial, and (3) denying indigent criminal defendants effective assistance of counsel. Plaintiff seeks compensatory and punitive damages and declaratory relief.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); *United States v. DeGross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (citing *Polk County* to determine that a state appointed guardian ad litem does not act under color of state law for purposes of § 1983); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes

of *Bivens* action). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321; *see also Blum v. Yaretsky*, 457 U.S. 991, 1008-09 (1982) (applying similar rationale to determine that administrators of nursing home were not state actors); *Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1432 (9th Cir. 1989) (applying similar rationale to determine that employees conducting psychiatric evaluation were not state actors). *But cf. Gonzales v. Spencer*, 336 F.3d 832, 834 (9th Cir. 2003) (per curiam) (explaining that a private attorney who is retained to represent state entities and their employees in litigation acts under color of state law because his or her role is "analogous to that of a state prosecutor rather than a public defender." (citing *Polk County*, 454 U.S. at 323 n.13)). Defendants are not subject to suit under § 1983 for their actions as Plaintiff's advocate. Thus, Plaintiff's claims against them must be dismissed.

Even if plaintiff could articulate cognizable claims against the defendants, those claims are barred because they implicate the legality of his custody. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff has not demonstrated that his conviction has been invalidated, and as such, his claim is not cognizable under § 1983.

///

///

4

### III. Conclusion

Because the court finds that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

Based on the foregoing, and with good cause appearing,

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and **ENTER JUDGMENT ACCORDINGLY.**

DATED: This _21st_ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE